IN THE

# SUPREME JUDICIAL COURT,

IN THE

## COUNTY OF CUMBERLAND,

ARGUED AT APRIL TERM, 1843.

---

### John G. Harmon *versus* Joseph F. Jennings & al.

A submission to referees, under c. 138 of the Revised Statutes, of an action of trespass then pending, " and all other demands, and costs already accrued on, or growing out of said suit," is, it would seem, a reference of all demands between the parties.

When one party to a reference has made out a writ against the other, specifically setting forth his claim therein, and has indorsed his name on the back thereof, and such writ is annexed to the submission, it is a sufficient signing of the demand within the purview of the Rev. St. c. 138.

If one of the parties to a reference of a specific demand, entered into before a justice of the peace under the provisions of Rev. St. c. 138, makes out and signs his demand, and by agreement between them, at the request of the other party, it is omitted to be annexed until the close of the investigation before the referees, and it is then annexed, it is not competent for the opposing party to avail himself of this error, to prevent the acceptance of the report of the referees against him.

THE plaintiff brought an action of trespass against the defendants, and while it was pending in the District Court, it was referred before a justice of the peace. When the report was offered for acceptance in the District Court, it was objected to by the defendants. GOODENOW, District Judge, ordered judgment to be rendered on the award; and the defendants filed exceptions. The grounds of objection appear in the opinion of the Court.

Harmon *v.* Jennings.

*Osgood* argued for the defendants, and cited Rev. St. c. 138, § 3, 4; 3 Mass. R. 324; 4 Mass. R. 522; 9 Greenl. 15; 1 Pick. 504.

*O'Donnell* argued for the plaintiff, and cited 8 Greenl. 288; 1 Metc. 409; 18 Maine R. 251; 1 Hill, 319; 22 Pick. 145; 1 T. R. 610; 1 B. & P. 175; 3 Pick. 408; 2 Metc. 558; 3 Metc. 583; 5 B. & Ad. 606; 15 Johns. R. 197; 23 Pick. 56; 13 Mass. R. 244; 10 Mass. R. 444; 8 Greenl. 19; 1 B. & P. 91; 5 Pick. 217; 17 Maine R. 381; 14 Mass. R. 93; 4 Mass. R. 242; 5 Greenl. 192; 9 Mass. R. 320.

The opinion of the Court was drawn up by

WHITMAN C. J. — This is a submission to referees, under c. 138, of the Revised Statutes, which provides that "If all demands between the parties are submitted to the decision of the referees no specific demand need be annexed to the agreement." This cause has, however, been argued, by the counsel for the parties, as if a specific demand only had been referred, in which case it is required, by the statute, that it should be so stated, and be annexed to the agreement, and signed by the demandant. The agreement to refer was of an action of trespass, then pending, " and all other demands, and costs already accrued on or growing out of said suit." Was not this a reference of all demands between the parties? If it was, the arguments of the counsel were in some measure irrelevant; and the objections of the defendants without foundation. Can it be said, that the words " all other demands" are coupled by the conjunction *and* with " costs already accrued on or growing out of said suit" and, therefore, that the words " all other demands" had reference to the costs? This would be doing violence to the natural, and seemingly the obvious import of the phraseology used. If the language had been, that the action " and all demands, and costs growing," &c. the construction adopted by the counsel would be somewhat more plausible, and might be sustained. But the words " all other demands" would seem to embrace a distinct

and independent subject matter, in addition to the action then pending, and costs therein accruing.

But if the subject matter of the reference could be deemed to be specific, in which case the demand is required to be signed and annexed, it may, nevertheless, be questionable whether the objection on that ground should, under the peculiar circumstances of this case, be available to the defendants. The citations, by the counsel for Harmon, show that the instances are numerous in which a party, if conusant of illegality in proceedings at law against him, does not at the time object on account thereof, but suffers the cause to proceed to a final determination, that he cannot, afterwards, be allowed, on a process in error, to avail himself of such illegality. If a juror be illegally returned, and a party to be tried knows of such illegality before his trial, he cannot, afterwards, be heard to allege such illegality to avoid a verdict against him. *Hallock* v. *Co. of Franklin*, 2 Metc. 558. So if a party does not at the first term object the want of a teste to a writ he cannot be allowed to do it afterwards. And it has been doubted whether, if a court martial were constituted in a manner different from what the law has prescribed, it is competent for an individual, having knowledge of such illegality before his trial, to set it up afterwards, to avoid a sentence awarded against him. *Brooks* v. *Davis*, 17 Pick. 148. It is an old and familiar maxim, that consent takes away error. It is perfectly apparent in this case, that the counsel for the defendants, at the time, and during the investigation, had full knowledge of the error alleged, and did not intimate the slightest objection on account of it. And moreover, the testimony in the Court below was, that the counsel for the defendants, when the investigation was about to proceed before the referees, urged that the demand should not be annexed to the agreement till after the hearing, assigning as a reason that it would be more convenient to have the agreement and demand separate, to refer to during the hearing ; to which the demandant assented, and the annexation was omitted till the close of the investigation. To allow the defendants now,

Harmon *v.* Jennings.

after an award against them, to avail themselves of such an error, and so occasioned, would be but little if any short of allowing them to perpetrate a fraud upon the adverse party, which we cannot think it would comport with the duty of a court of justice to allow.

That the writ, which it was intended to annex, and which was annexed by the referees on making up their award, as it was manifestly the intention of the parties that it should be, was a demand specifically setting forth the claim of the de-*mandant*, and that the indorsement by him of his name on the back of it was a sufficient signing within the purview of the statute, we cannot doubt. The object of this provision must have been to apprize the referees, and the adverse party spe-cifically of the subject matter of the controversy, and in such manner that the demandant should be concluded by his specifi-cation. No particular form is, or, with propriety, could be prescribed. That his signature should be added to his state-ment of his claim might well be required. But in what partic-ular place it should be inscribed might not be very material, provided it could clearly be understood as authenticating his claim ; and surely his writ and declaration, with his indorse-ment of his name thereon, would be sufficient for the purpose ; and may well be deemed a substantial compliance with the requirements of the statute.

*Exceptions overruled and
the acceptance of the report confirmed.*